1  PATRICIA L. GLASER - State Bar No. 55668
   pglaser@glaserweil.com
2  FRED D. HEATHER - State Bar No. 110650
   fheather@glaserweil.com
3  MARY ANN T. NGUYEN – State Bar No. 269099
   mnguyen@glaserweil.com
4  GLASER WEIL FINK JACOBS
     HOWARD AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7
   Attorneys for Plaintiff
8  LegalZoom.com, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| LEGALZOOM.COM, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>v.<br><br>ROCKET LAWYER INCORPORATED, a Delaware corporation<br><br>   Defendant. | CASE NO.: CV 12-9942-GAF (AGRx)<br><br>Hon. Gary A. Feess<br><br>**LEGALZOOM.COM, INC.'S ANSWER TO ROCKET LAWYER INCORPORATED'S AMENDED COUNTERCLAIMS**<br><br>Courtroom: 740<br>Judge: Judge Gary A. Feess<br>255 East Temple Street<br>Los Angeles, CA 90012<br><br>Original Complaint Filed: November 20, 2012 |
|---|---|

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP

Plaintiff LegalZoom.com, Inc. ("LegalZoom" or "Plaintiff"), by and through its undersigned counsel, hereby respond to, and answer as follows to Defendant Rocket Lawyer Incorporated's ("RocketLawyer" or "Defendant") Counterclaims:

## ANSWER

1. Denied. LegalZoom has brought this lawsuit to expose the willful and systematic acts of false advertising and unfair competition by RocketLawyer, which misleads consumers and inflicts competitive harm upon LegalZoom and others.

2. Denied. LegalZoom specifically denies that it "created" or "sanctioned the creation" of the website Legalspring.com. LegalZoom further denies that Legalspring.com's registrant and manager, Travis Giggy, is LegalZoom's agent.

3. Admitted.

4. Admitted.

5. Denied except to admit that the court has personal jurisdiction over it.

6. Admitted.

7. Admitted.

8. Denied. LegalZoom provides personalized, affordable, online legal solutions for families and small businesses.

9. Denied except to admit that LegalZoom was founded in 2000 by attorneys with experience at some of the top law firms in the country, and has helped over two million Americans become protected with binding legal documents.

10. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

11. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

12. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this

paragraph and they are therefore denied.

13. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

14. Admitted.

15. Denied. LegalZoom does not currently purchase search terms from Google and other search engines such as Bing.com and Yahoo.com that relate to RocketLawyer.

16. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied. However, to the extent that this paragraph purports to interpret the contents of the SpyFu.com website and the Wall Street Journal article, such documents, being in writing, speak for themselves.

17. Admitted.

18. The allegations of this paragraph are conclusions of law to which no response is required. To the extent any allegations in paragraph 18 are factual, LegalZoom denies all such allegations to the extent that such allegations pertain to it.

19. LegalZoom admits only that certain of LegalZoom's advertisements for its incorporation services say "Launch your new corporation. Free to Get Started," but specifically denies that the language is in any way similar to RocketLawyer's advertisements.

20. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

21. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

22. The allegations of this paragraph are conclusions of law to which no

response is required. To the extent any allegations in paragraph 22 are factual, LegalZoom denies all such allegations to the extent that such allegations pertain to it except to admit that RocketLawyer has registered the two domain names – www.legalzoomer.com and www.legalzoomgadget.com.

23. Denied. When accessing Legalzoomer.com on Internet Explorer, Mozilla and Chrome, a user is directed to the GoDaddy.com website, which provides the greeting, "Welcome to legalzoomer.com."

24. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied. However, if RocketLawyer is in fact willing to transfer these domains to LegalZoom, LegalZoom will accept RocketLawyer's transfer of these domains to LegalZoom.

25. Admitted.

26. After reasonable investigation, LegalZoom is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they are therefore denied.

27. Denied except to admit that LegalZoom operates www.legalcenterpro.com.

28. Denied except to the extent that this paragraph purports to characterize the Reuter article and LegalZoom's May 10, 2012 S-1 filing. Such documents, being in writing, speak for themselves.

29. Denied.

30. Denied.

31. Denied except to admit that LegalZoom states on its website that it is the leading, nationally recognized legal brand for small business and consumers in the United States.

32. The allegations of this paragraph are conclusions of law to which no response is required. To the extent any allegations in paragraph 32 are factual,

LegalZoom denies all such allegations to the extent that such allegations pertain to it.

33. Denied except to admit that Legalspring.com does not reference, among other legal services websites, Rocket Lawyer. Legalspring.com does, however, reference (and provide reviews) for some of LegalZoom's top competitors.

34. Admitted only that the Legalspring.com website is a document that speaks for itself.

35. Denied except to admit that Legalspring.com is registered to Travis Giggy.

36. Denied except to admit that Legalspring.com, is a participant in LegalZoom's Affiliate Program and, as a participant, is entitled to receive a commission for directing customers of Legalspring.com to the LegalZoom website using a unique URL.

37. The allegations of this paragraph are conclusions of law to which no response is required. To the extent any allegations in paragraph 32 are factual, LegalZoom denies all such allegations to the extent that such allegations pertain to it.

38. Denied.

39. Denied.

40. Admitted only that the Legalspring.com website is a document that speaks for itself.

41. Denied except to admit that LegalZoom operated www.legalcenterpro.com and www.lightwavelaw.com. Legaldocumentfinder.com and Estateguidance.com are independent affiliate sites.

42. Denied.

**COUNT I**

43. Realleges paragraphs 1 through 42.

44. Denied except to admit that an actual and justiciable case and controversy exists between the parties as to whether RocketLawyer has engaged in federal false advertising or unfair competition in violation of the Lanham Act based

1  on its advertisements of its purportedly "free" services and the terms of its "free"
2  services.

3      45.    Denied.

### COUNT II

5      46.    Realleges paragraphs 1 through 45.

6      47.    Denied except to admit that an actual and justiciable case and
7  controversy exists between the parties as to whether RocketLawyer has engaged in
8  false advertising in violation of California Business and Professions Code section
9  17500 based on its advertisements of its purportedly "free" services and the terms of
10 its "free" services.

11     48.    Denied.

### COUNT III

13     49.    Realleges paragraphs 1 through 48.

14     50.    Denied except to admit that an actual and justiciable case and
15 controversy exists between the parties as to whether RocketLawyer has engaged in
16 unfair competition in violation of California Business and Professions Code section
17 17200 based on its advertisements of its purportedly "free" services and the terms of
18 its "free" services through key word bidding.

19     51.    Denied.

### COUNT IV

21     52.    Realleges paragraphs 1 through 51.

22     53.    LegalZoom is without knowledge or information sufficient to form a
23 belief as to the truth of any of the allegations set forth in this paragraph and they are
24 therefore denied.

25     54.    Denied except to admit that LegalSpring.com states that LegalZoom is
26 the best legal services website.

27     55.    Denied.

28     56.    Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT V

60. Realleges paragraphs 1 through 59.

61. Denied.

62. LegalZoom is without knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in this paragraph and they are therefore denied.

63. Denied except to admit that LegalSpring.com states that LegalZoom is the best legal services website.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT VI

70. Realleges paragraphs 1 through 69.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### RESPONSE TO ROCKETLAWYER'S PRAYER FOR RELIEF

1. The remaining paragraphs contain prayers for relief to which no response is required. To the extent a response is required, LegalZoom denies that

RocketLawyer is entitled to any relief.

## AFFIRMATIVE DEFENSES

LegalZoom provides its affirmative defenses as known at this time below without assuming the burden of proof when such burden would otherwise be on RocketLawyer.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. RocketLawyer fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

2. RocketLawyer's claims and remedies are barred, in whole or in part, for want of equity or by the doctrine of unclean hands. Specifically, RocketLawyer engages in false and misleading advertising and unfair competition practices. *See* First Amended Complaint at ¶¶ 12-16. RocketLawyer's unclean hands warrant dismissal and denial of all remedies.

## THIRD AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

3. RocketLawyer is not entitled to an injunction because, among other things, assuming it was entitled, RocketLawyer has an adequate remedy at law, and no basis exists for the grant of equitable relief.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. On information and belief, RocketLawyer delayed filing suit for an unreasonable and inexcusable length of time from when it knew or reasonably should have known of LegalZoom's alleged misconducts. RocketLawyer raises the alleged misconduct only to attempt to deflect the negative publicity resulting from LegalZoom's filing of its complaint against RocketLawyer. This delay has prejudiced and injured LegalZoom.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5. RocketLawyer's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that RocketLawyer's claims are based on conduct outside the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Punitive and Exemplary Damages Unavailable)

6. The requirements and circumstances warranting punitive and exemplary damages are not satisfied. Even more, punitive damages is not an available remedy for the alleged violation of California Business and Professions Code Sections 17200 and 17500.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Agency)

7. If RocketLawyer sustained any injury or incurred any loss or damages as alleged in RocketLawyer's Counterclaims, such injuries were caused in whole or in part by acts or omissions of persons over whom LegalZoom neither exercised nor had any right of control for whom LegalZoom is and was not responsible, and whose conduct LegalZoom had no duty or reason to anticipate or control. Specifically, Legalspring.com's registrant and manager, Travis Giggy, is *not* LegalZoom's agent.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

8. RocketLawyer lacks standing to bring all or some of its claims alleged in its Amended Counterclaims.

## RESERVATION OF ADDITIONAL DEFENSES

9. Discovery in this action has not yet commenced and LegalZoom continues to investigate the allegations set forth in RocketLawyer's Counterclaims. LegalZoom specifically gives notice that it intends to rely upon such other defenses as

may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, LegalZoom respectfully requests:

1. That RocketLawyer's Counterclaims be dismissed in its entirety, with prejudice;

2. That RocketLawyer take nothing by way of its Counterclaims and that judgment be rendered in favor of LegalZoom; and

3. That LegalZoom be awarded its reasonable costs and attorneys' fees and such other and further relief as may be just and proper.

DATED: February 11, 2013

GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP


By:  /s/ Fred D. Heather
PATRICIA L. GLASER
FRED D. HEATHER
MARY ANN T. NGUYEN
  Attorneys for Plaintiff
  LegalZoom.com, Inc.

## JURY TRIAL DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure and L.R. 38-1, LegalZoom respectfully demands a trial by jury on all issues and claims so triable.