Forrest A. Hainline III (SBN 64166)
*fhainline@goodwinprocter.com*
Hong-An Vu (SBN 266268)
*hvu@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax.: 415.677.9041

Michael T. Jones (SBN 290660)
*mjones@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: 650.752.3100
Fax.: 650.853.1038

*Attorneys for Defendant*
*ROCKET LAWYER INCORPORATED*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LEGALZOOM.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET LAWYER INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 2:12-cv-09942-GAF-AGR<br><br>**ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>Judge:     Judge Gary A. Feess<br>Courtroom: 740<br>           255 East Temple Street<br>           Los Angeles, CA 90012<br>Action Filed: November 20, 2012 |

1  Upon consideration of the parties' Stipulated Protective Order, and good
2  cause appearing, **IT IS HEREBY ORDERED** that the Stipulated Protective Order
3  be and hereby is entered, pursuant to Fed. R. Civ. Proc. 26(c).  The Stipulated
4  Protective Order as entered is attached hereto as Exhibit A.

**IT IS SO ORDERED.**

Dated:  September 24, 2013

_____
HON. ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

1
2
3
4  *EXHIBIT 1*
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19  *EXHIBIT 1*
20
21
22
23
24
25
26
27
28

LIBA/2433939.1

Forrest A. Hainline III (SBN 64166)
*fhainline@goodwinprocter.com*
Hong-An Vu (SBN 266268)
*hvu@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.:  415.733.6000
Fax.:  415.677.9041

Michael T. Jones (SBN 290660)
*mjones@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.:  650.752.3100
Fax.:  650.853.1038

*Attorneys for Defendant*
*ROCKET LAWYER INCORPORATED*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LEGALZOOM.COM, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROCKET LAWYER INCORPORATED, a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 2:12-cv-09942-GAF-AGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:　　　　Judge Gary A. Feess<br>Courtroom:　740<br>　　　　　　　255 East Temple Street<br>　　　　　　　Los Angeles, CA 90012<br>Action Filed: November 20, 2012 |

LIBA/2433939.1

**IT IS HEREBY STIPULATED AND AGREED**, by and between on the one hand, Legalzoom.com, Inc., and on the other hand, Rocket Lawyer Incorporated ("Parties" and individually "Party") through their attorneys, as follows:

1. This Stipulation and Protective Order (the "Protective Order") shall govern all Litigation Materials, which are defined to include all testimony, documents, records, tangible things, and information used, served, or produced or disclosed by any Party or by anyone else ("Producing Party") in the above captioned matter ("Action") pursuant to Federal Rule of Civil Procedure 26, or in response to formal discovery demands or subpoenas. Litigation Materials shall also include all documents or information derived from other Litigation Materials, all copies, abstracts, excerpts, analyses, or summaries thereof, and all deposition and hearing transcripts in this Action.

2. Two designations of Litigation Materials may receive the protection of this Order: those designated (1) **CONFIDENTIAL INFORMATION** or (2) **ATTORNEYS' EYES ONLY INFORMATION.** No Party or individual may disclose or use any materials labeled with any designation ("Confidential Litigation Materials") except in accordance with the terms and conditions of this Order. In addition, this Order governs the production and disclosure of **PRIVILEGED INFORMATION** and **WORK PRODUCT INFORMATION.**

3. Confidential Litigation Materials shall not be used for any purpose other than the conduct of litigation of this Action, except that any Party may use its own Confidential Litigation Materials for any purpose. No one shall be permitted access to Confidential Litigation Materials except for the prosecution or defense or appeal of this Action, except that any Party may use its own Confidential Litigation Materials for any purpose.

4. **CONFIDENTIAL INFORMATION** means Litigation Materials that the Producing Party in good faith believes contain, reflect, refer to, or disclose any routine confidential financial, business, client or proprietary information.

| | |
|---|---|
| 1 | **ATTORNEYS' EYES ONLY** means Litigation Materials that the Producing Party |
| 2 | in good faith regards as sensitive business data or information which the Producing |
| 3 | Party reasonably believes to be protectable as proprietary in nature.  **PRIVILEGED** |
| 4 | **INFORMATION** means material and information covered by the attorney-client |
| 5 | privilege.  **WORK PRODUCT INFORMATION** means material and information |
| 6 | covered by the work product privileges. |
| 7 | 5.    Producing Parties may designate any information as |
| 8 | **CONFIDENTIAL INFORMATION** by stamping "**CONFIDENTIAL**" or |
| 9 | "**CONFIDENTIAL INFORMATION**" upon the face of a document containing |
| 10 | **CONFIDENTIAL INFORMATION** at the time of its production, or thereafter as |
| 11 | provided in ¶ 7, by otherwise specifying that information is **CONFIDENTIAL** |
| 12 | **INFORMATION** at the time of its production or thereafter as provided in ¶ 7, or by |
| 13 | specifying that any deposition or trial testimony contains **CONFIDENTIAL** |
| 14 | **INFORMATION** in accordance with ¶ 13 of this Order. |
| 15 | 6.    Producing Parties may designate any information as **ATTORNEYS'** |
| 16 | **EYES ONLY INFORMATION** by stamping "**ATTORNEYS' EYES ONLY**" |
| 17 | upon the face of a document containing **ATTORNEYS' EYES ONLY** |
| 18 | **INFORMATION** at the time of its production, or thereafter as provided in ¶ 7, by |
| 19 | otherwise specifying that information is **ATTORNEYS' EYES ONLY** |
| 20 | **INFORMATION** at the time of its production or thereafter as provided in ¶ 7, or by |
| 21 | specifying that any deposition or trial testimony contains **ATTORNEYS' EYES** |
| 22 | **ONLY INFORMATION** in accordance with ¶ 13 of this Protective Order. |
| 23 | 7.    In the event that the Producing Party discovers, after producing any |
| 24 | documents or information, that it has produced information that was not designated |
| 25 | as **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY** |
| 26 | **INFORMATION** but should have been, the Producing Party may, within ten (10) |
| 27 | days of learning of the failure to designate, correct the error by written notice |
| 28 | designating the Litigation Material by Bates stamp number or by any other means of |

clearly designating specific documents or information. Upon receipt of a written notice concerning inadvertent production of **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION** the Party who received the previously undesignated Confidential Litigation Materials ("Receiving Party") shall treat the information as **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION** under the terms of this Order and shall make all reasonable efforts under the circumstances to: (i) retrieve all such material disclosed to persons other than those authorized in accordance with paragraphs 10, 11, and 12 hereof for access to such information, (ii) affix appropriate legends to the Confidential Litigation Materials as provided in this paragraph, (iii) prevent further use or disclosure of the information contained in the previously undesignated Confidential Litigation Materials by persons other than those authorized in accordance with paragraphs 9, 10, and 11 hereof for access to such information, and (iv) provide to the Producing Party a list of all persons (other than those authorized in accordance with paragraphs 9, 10, and 11 hereof for access to such information) who had access to the previously undesignated Confidential Litigation Materials.

8.  If, in connection with this Action, a Producing Party discloses information subject to a claim of **PRIVILEGED INFORMATION** or **WORK PRODUCT INFORMATION**, the disclosure of the **PRIVILEGED INFORMATION** or **WORK PRODUCT INFORMATION** shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the **PRIVILEGED INFORMATION** or **WORK PRODUCT INFORMATION** and its subject matter.

    a.  A Producing Party may assert in writing attorney-client privilege or work product protection with respect to disclosed **PRIVILEGED INFORMATION** or **WORK PRODUCT INFORMATION**. The Receiving Party shall, within five business days of receipt of that

|   |   |
|---|---|
| 1 | writing, return or destroy all copies of the disclosed **PRIVILEGED** |
| 2 | **INFORMATION** or **WORK PRODUCT INFORMATION** and |
| 3 | provide a written confirmation of counsel that all such disclosed |
| 4 | **PRIVILEGED INFORMATION** or **WORK PRODUCT** |
| 5 | **INFORMATION** has been returned or destroyed. |
| 6 |     b.    Within five business days of the notification that such disclosed |
| 7 | **PRIVILEGED INFORMATION** or **WORK PRODUCT** |
| 8 | **INFORMATION** has been returned or destroyed, the Producing Party |
| 9 | shall produce a privilege log in a format agreed upon by the parties |
| 10 | with respect to the disclosed **PRIVILEGED INFORMATION** or |
| 11 | **WORK PRODUCT INFORMATION**. |
| 12 |     c.    The Receiving Party may, in compliance with Local Rules 37-1 |
| 13 | and 37-2, move the Court for an Order compelling production of the |
| 14 | disclosed **PRIVILEGED INFORMATION** or **WORK PRODUCT** |
| 15 | **INFORMATION** (a "Privilege Motion").  The Privilege Motion shall |
| 16 | be filed in accordance with Local Rule 79-5.1 and shall not assert as a |
| 17 | ground for entering such an Order the fact or circumstances of the |
| 18 | inadvertent production. |
| 19 |     d.    The Producing Party retains the burden of establishing privileged |
| 20 | or protected nature of any disclosed **PRIVILEGED INFORMATION** |
| 21 | or **WORK PRODUCT INFORMATION**.  Nothing in this paragraph |
| 22 | shall limit the right of any Party to petition the Court for an *in camera* |
| 23 | review of the disclosed **PRIVILEGED INFORMATION** or **WORK** |
| 24 | **PRODUCT INFORMATION**. |
| 25 |     e.    If, at trial, at a hearing, at a deposition, or on a motion, a |
| 26 | Producing Party marks for identification or offers into evidence |
| 27 | disclosed **PRIVILEGED INFORMATION** or **WORK PRODUCT** |
| 28 | **INFORMATION** — or proffers or elicits testimonial or other evidence |

1  that incorporates or relies on disclosed **PRIVILEGED**
2  **INFORMATION** or **WORK PRODUCT INFORMATION**,
3  including evidence within Federal Rule of Evidence 703 — that act
4  shall be deemed to effect a waiver and forfeiture by the Producing
5  Party of attorney-client privilege and work product protection that
6  would otherwise apply to undisclosed information concerning the same
7  subject matter consistent with Federal Rule of Evidence 502(a).  The
8  preceding sentence shall not apply to (i) proceedings to determine
9  whether the disclosed **PRIVILEGED INFORMATION** or **WORK**
10  **PRODUCT INFORMATION** is privileged or protected or subject to
11  discovery or disclosure, or (ii) disclosed **PRIVILEGED**
12  **INFORMATION** or **WORK PRODUCT INFORMATION** that is
13  marked for identification, offered into evidence, or incorporated in
14  evidence proffered or elicited by an adverse Party, or relied on by a
15  witness proffered by an adverse Party.
16       9.     **CONFIDENTIAL INFORMATION** shall not be used for any
17  purpose other than the conduct of litigation of this Action and shall not be disclosed,
18  described, or otherwise made available, directly or indirectly, to any persons or
19  entities other than:
20       a.     Current officers, directors, and other employees of the Parties, to
21              the extent necessary to assist in the conduct and preparation of this
22              litigation;
23       b.     Attorneys of record to the Parties and attorneys, clerical,
24              paralegal and secretarial staff employed by such counsel to the extent
25              necessary to assist such counsel in the conduct and preparation of this
26              litigation;
27       c.     Each expert, consultant or advisor retained by attorneys of record
28              to assist them in the conduct and preparation of this litigation;

1     d.     Actual or potential witnesses or deponents and their counsel, to the extent necessary either to assist in the preparation for depositions or other testimony in this litigation;

4     e.     The author or addressee of that particular **CONFIDENTIAL INFORMATION**;

6     f.     Stenographers transcribing the testimony or argument at any hearing, trial, deposition or other formal proceeding in this Action;

8     g.     The Court and persons employed by the Court; and

9     h.     Any other person to whom the Producing Party agrees in writing.

10. **ATTORNEYS' EYES ONLY INFORMATION** shall not be used for any purpose other than the conduct of litigation of this Action and shall not be disclosed, described, or otherwise made available, directly or indirectly, to any persons or entities other than:

    a.     Attorneys of record to the Parties and attorneys, clerical, paralegal and secretarial staff employed by such counsel to the extent necessary to assist such counsel in the conduct and preparation of this litigation;

    b.     In-house counsel for the parties provided that they do not have a business role;

    c.     Any expert, consultant or advisor retained by attorneys of record to assist them in the conduct and preparation of this litigation that has been designated in advance to opposing counsel;

    d.     The author or addressee of that particular **ATTORNEYS' EYES ONLY INFORMATION;**

    e.     Stenographers transcribing the testimony or argument at any hearing, trial, deposition or other formal proceeding in this Action;

    f.     The Court and persons employed by the Court; and

    g.     Any other person to whom the Producing Party agrees in writing.

11. Any person or entity described in the subparagraphs above that is permitted to see confidentially designated information (except for the outside counsel of record for the Parties in this dispute) shall sign a written statement (substantially in the form attached hereto as Exhibit A) stating that such person or entity has read this Protective Order and agrees to be bound by the terms hereof before Confidential Litigation Materials may be disclosed to such person or entity. The Party disclosing Confidential Litigation Materials shall be responsible for obtaining the signature of any such persons or entities to whom disclosure is made, and shall retain a copy of all such signed statements.

12. Any transcript, pleading, or other paper containing **CONFIDENTIAL INFORMATION** shall be clearly marked "**CONTAINS CONFIDENTIAL INFORMATION**." Any transcript, pleading, or other paper containing **ATTORNEYS' EYES ONLY INFORMATION** shall be clearly marked **"CONTAINS ATTORNEYS' EYES ONLY INFORMATION."** In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information or documents that have been designated as "**CONFIDENTIAL INFORMATION**" or "**ATTORNEYS' EYES ONLY INFORMATION**," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.

13. Deposition and other testimony may be designated **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** in the following manner:

   a. During the deposition, an attorney of record may designate any portion of the transcript and/or exhibits as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY.**

   b. Until twenty-one (21) days after receipt of the deposition or hearing transcript by counsel for the Parties, the transcript and exhibits shall be treated as **ATTORNEYS' EYES ONLY** in their entirety.

| | |
|---|---|
| 1 | After the deposition, the Parties shall have twenty-one (21) days after |
| 2 | receipt of the transcript in which to designate with specificity the |
| 3 | portions of the transcript and/or exhibits with respect to which |
| 4 | confidentiality is asserted beyond the initial twenty-one (21) day |
| 5 | period.  If a Party so designates any portion of the transcript as |
| 6 | **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY**, he or she will |
| 7 | notify both the reporter and opposing counsel.  The reporter will then |
| 8 | prepare a revised transcript in accordance with ¶ 15(c) of this |
| 9 | Protective Order.  Opposing counsel will destroy the superseded |
| 10 | transcript, whether in hard copy or electronic form.  Should it be |
| 11 | necessary for a Party to use any deposition material in a pleading or |
| 12 | paper submitted to the Court before the twenty-one day (21) period has |
| 13 | ended, the submitting attorney will first give opposing counsel the |
| 14 | opportunity to designate any submitted deposition material specifically |
| 15 | as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY**.  During the |
| 16 | twenty-one (21) day period, the transcript may be shown only to the |
| 17 | persons or entities described in ¶ 10. |
| 18 | c.        Transcripts containing **CONFIDENTIAL INFORMATION** or |
| 19 | **ATTORNEYS' EYES ONLY INFORMATION** shall be separately |
| 20 | bound and bear a legend on the first page stating, "This |
| 21 | transcript/document contains portions designated |
| 22 | **CONFIDENTIALINFORMATION/ATTORNEYS' EYES ONLY** |
| 23 | **INFORMATION**," but will keep the same pagination as if the |
| 24 | testimony did not contain **CONFIDENTIALINFORMATION**  or |
| 25 | **ATTORNEYS' EYES ONLY INFORMATION**.  All electronic |
| 26 | copies of testimony and/or exhibits containing |
| 27 | **CONFIDENTIALINFORMATION**  or **ATTORNEYS' EYES** |
| 28 | **ONLY INFORMATION** shall contain a header or footer on each page |

identifying the testimony and/or exhibits as containing **CONFIDENTIALINFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION** and shall be subject to the terms of this Protective Order.

14. If a deposition concerns **CONFIDENTIALINFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION,** the Producing Party with respect to such information shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with ¶¶ 9, 10, and 11 hereof for access to such material. The Parties agree, subject to the Court's approval at the time of any hearing or conference, that all persons not authorized in accordance with ¶¶ 9, 10, and 11 hereof for access to such information may be excluded from any portion of hearings or conferences in this Action concerning such information.

15. Nothing in this Protective Order shall be construed to affect the admissibility of any document, testimony, or other evidence in this Action. The production of any document or other information during discovery in the Action shall be without prejudice to any claim that such document or other information is irrelevant to any claims or defenses raised in the Action, and no Party shall be held to have waived any rights by such production to make such claim.

16. Any Party in possession of a Producing Party's **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION** who receives a request or a subpoena or other process for that Producing Party's **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION** from any non-Party to this Action shall, within three (3) business days of receipt of such request, subpoena, or other process, give written notice by overnight delivery and/or fax to counsel of the Producing Party, enclosing a copy of the request, subpoena or other process. Nothing in this Protective Order is intended

to be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

17. Producing Parties may redact as Confidential the names, social security numbers, addresses, telephone numbers, fax numbers, email addresses, and other such identifying information of individuals and/or businesses who are not parties to this Action. This Confidential information includes, but is not limited to, identifying and contact information of the Producing Party's customers.

18. The terms and conditions of this Order shall remain in full force and effect after the final resolution of this litigation unless the Order is terminated or modified by written order of the Court.

19. Within ninety (90) days of final termination of this Action, whether by settlement or a final decision of the Court, each Party shall assemble and return to the other (or certify under oath the destruction of) all **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION,** including all copies of documents, all papers and pleadings, and all transcribed testimony, and copies or abstracts thereof. Attorneys of record may keep deposition, trial testimony, papers and pleadings containing **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION**; however, such attorneys are under a continuing obligation to insure the confidentiality of such documents in accordance with the terms of this Order.

20. If any Party objects to the designation of any Litigation Materials as **CONFIDENTIAL INFORMATION** or **ATTORNEYS' EYES ONLY INFORMATION,** or seeks to use such Litigation Materials other than as permitted by this Order, the Party shall so state by letter to counsel for the person or entity making the designation. The parties agree to meet and confer and resolve any disputes regarding the designation of any Litigation Materials pursuant to Local Rules 37-1 – 37-4. Until the Court rules on such motion, the Litigation Materials at issue shall continue to be treated as **CONFIDENTIAL INFORMATION** or

**ATTORNEYS' EYES ONLY INFORMATION** as the case may be. The burden of persuasion shall at all times remain on the Party seeking to maintain the **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** designation.

21. Nothing in this Stipulation shall be construed to impose any limitations on the ability of Parties' counsel to practice law and to accept and/or continue any representation of other clients, including matters adverse to the party opposing their client(s) herein, provided that said counsel shall in such circumstances remain bound by the terms of this Stipulation and shall not disclose or use any Litigation Material for any purpose not related to the conduct of this proceeding.

22. Notwithstanding anything to the contrary herein, the restrictions on the use of material do not apply to any information that (i) is or becomes generally available to the public without breach of either the Parties' obligations hereunder or any contractual or other obligation between the Parties; and/or (ii) is lawfully in a person's possession prior to disclosure by the other Party and is not otherwise subject to any confidentiality obligations.

23. This Order may be amended or modified only by order of the Court.

24. This Order shall not be construed to limit the obligations of the Parties existing under law or under any other agreement whether with regard to confidentiality or otherwise. Nor shall anything in this Protective Order prejudice any Party's rights to enforce or protect its rights or to seek legal redress for any dissemination or use of information which violates any such obligations.

| | | |
|---|---|---|
| 1 | Dated: _September 16, 2013 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/Hong-An Vu |
| | | Forrest A. Hainline III |
| | | *fhainline@goodwinprocter.com* |
| 4 | | Hong-An Vu |
| | | *hvu@goodwinprocter.com* |
| 5 | | **GOODWIN PROCTER LLP** |
| | | Three Embarcadero Center, 24th Floor |
| 6 | | San Francisco, California 94111 |
| 7 | | Tel.: 415.733.6000 |
| | | Fax.: 415.677.9041 |
| 8 | | |
| 9 | | Michael T. Jones |
| | | *mjones@goodwinprocter.com* |
| | | **GOODWIN PROCTER LLP** |
| 10 | | 135 Commonwealth Drive |
| | | Menlo Park, California 94025-1105 |
| 11 | | Tel.: 650.752.3100 |
| | | Fax.: 650.853.1038 |
| 12 | | |
| 13 | | *Attorneys for Defendant* |
| | | *ROCKET LAWYER INCORPORATED* |
| 14 | Dated: _September 16, 2013 | Respectfully submitted, |
| 15 | | |
| 16 | | By: /s/ Mary Ann T. Nguyen *[w/ permission]* |
| | | Patricia L. Glaser |
| 17 | | *pglaser@glaserweil.com* |
| | | Fred D. Heather |
| 18 | | *fheather@glaserweil.com* |
| | | Mary Ann T. Nguyen |
| 19 | | *mnguyen@glaserweil.com* |
| | | **GLASER WEIL FINK JACOBS** |
| 20 | | **HOWARD AVCHEN & SHAPIRO LLP** |
| 21 | | 10250 Constellation Boulevard, 19th Floor |
| 22 | | Los Angeles, California 90067 |
| | | Tel. 310.553.3000 |
| 23 | | Fax. 310.556.2920 |
| 24 | | *Attorneys for Defendant* |
| | | *LEGALZOOM.COM, INC.* |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

**BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1. My present employer is _____;

2. My address or the address of my present employer is
   _____
   _____
   _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *LegalZoom.com, Inc. v. Rocket Lawyer Incorporated,* Case No. in the United States District Court for the Central District of California, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Stipulated Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Stipulated Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]

LIBA/2433939.1

1