1  PATRICIA L. GLASER - State Bar No. 55668
   pglaser@glaserweil.com
2  FRED D. HEATHER - State Bar No. 110650
   fheather@glaserweil.com
3  AARON P. ALLAN - State Bar No. 144406
   aallan@glaserweil.com
4  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
5  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
6  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
7
   Attorneys for Plaintiff
8  LegalZoom.com, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                      WESTERN DIVISION

| | |
|---|---|
| 13  LEGALZOOM.COM, INC., a Delaware corporation, | CASE NO.: CV 12-9942-GAF (AGRx) |
| 14 | |
| 15                    Plaintiff, | Hon. Gary A. Feess<br>Courtroom: 740 |
| 16  v. | **LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| 17  ROCKET LAWYER INCORPORATED, a Delaware corporation, | |
| 18                    Defendant. | |
| 19 | **Pre-Trial Conference:** |
| 20 | Date:        November 10, 2014<br>Time:        3:30 p.m. |
| 21 | |
| 22 | **Trial:** |
| 23 | Date:        December 9, 2014<br>Time:        8:30 a.m.<br>Courtroom:  740 |
| 24 | |
| 25 | Complaint Filed: November 20, 2012 |
| 26 | |

27

28

*Glaser Weil*

958540

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................1

II.  PLAINTIFF'S CLAIMS ........................................................................1

   A.   Summary of Claims ......................................................................1

   B.   Elements of Plaintiff's Claims and Evidence in Support Thereof........1

      1.  Plaintiff's Claim 1:  Federal False Advertising – Lanham Act .......1

         a.    Elements ........................................................................1

         b.    Key Supporting Evidence..................................................2

      2.  Plaintiff's Claim 2:  California False Advertising Under Cal. Bus. & Prof. Code § 17500 ........6

         a.    Elements ........................................................................6

      3.  Plaintiff's Claim 3:  California Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq. ........7

         a.    Elements ........................................................................7

         b.    Key Evidence ..................................................................8

      4.  Plaintiff's Remedy for Permanent Injunctive Relief ...................8

         a.    Elements ........................................................................8

         b.    Key Evidence ..................................................................8

III. DEFENDANT'S CLAIMS AND DEFENSES ...........................................9

   A.   Summary Statement of Defendant's Counterclaims and Affirmative Defenses ........9

   B.   Elements of Rocket Lawyer's Counterclaims and Defenses, and Key Evidence Relied Upon in Opposition ...........................................10

         a.    Elements ......................................................................10

         b.    Key Opposing Evidence..................................................10

      2.  Counterclaim 2:  Declaratory Judgment -- Rocket Lawyer Did Not Violate Cal. Bus. & Prof. Code § 17500 ........10

         a.    Elements ......................................................................10

         b.    Key Opposing Evidence..................................................10

      3.  Counterclaim 3:  Declaratory Judgment – Rocket Lawyer Did Not violate Cal. Bus. & Prof. Code § 17200 et seq. ...........................10

         a.    Elements ......................................................................10

         b.    Key Opposing Evidence..................................................10

Glaser Weil

i

958540

4. Counterclaim 4:  LegalZoom's Violation of 15 U.S.C. § 1125(a) 11
   a.   Elements .................................................................. 11
   b.   Key Opposing Evidence ........................................ 11

5. Counterclaim 5:  LegalZoom's Violation of Cal. Bus. & Prof. Code
   § 17500 .......................................................................... 11
   a.   Elements .................................................................. 11
   b.   Key Opposing Evidence ........................................ 11

6. Counterclaim 6:  LegalZoom's Violation of Cal. Bus. & Prof. Code
   § 17200 .......................................................................... 11
   a.   Elements .................................................................. 11
   b.   Key Opposing Evidence ........................................ 12

7. First Affirmative Defense:  Unclean Hands ................................ 12
   a.   Elements .................................................................. 12
   b.   Key Opposing Evidence ........................................ 12

8. Second Affirmative Defense:  Laches, Waiver, and/or Estoppel .. 13
   a.   Elements of Laches ................................................. 13
   b.   Elements of Waiver ................................................ 14
   c.   Elements of Estoppel .............................................. 14
   d.   Key Opposing Evidence for Laches, Waiver and/or
        Estoppel .................................................................. 14

9. Third Affirmative Defense:  Any injury or loss was caused by third
   parties ............................................................................ 15
   a.   Elements .................................................................. 15
   b.   Key Opposing Evidence ........................................ 15

10. Fourth Affirmative Defense:  Rocket Lawyer's practices have not
    caused the likelihood of confusion ................................. 15
    a.   Elements .................................................................. 15
    b.   Key Opposing Evidence ........................................ 16

IV.   IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES........... 17
      A.   Evidentiary Presumptions ........................................................ 17
      1.   Literal Falsity ........................................................................ 17
      2.   Intent to Deceive .................................................................... 18
      B.   Damages .................................................................................. 19
      1.   Actual Damages Need Not Be Established to Recover ................. 19
      2.   Rocket Lawyer's Profits ......................................................... 20

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Glaser Weil

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

958540

V.    ISSUES OF LAW GERMANE TO THE CASE .......................................... 21

      A.    Context For Evaluating Whether Advertisement is False or
            Misleading ....................................................................................... 21

      B.    Distinction Between Federal and State False Advertising Claims ..... 22

      C.    Laches ............................................................................................... 23

VI.   ISSUES TRIABLE TO A JURY ............................................................... 24

      A.    Issues Triable to the Jury ................................................................ 24

            1.   Whether any party violated the Lanham Act ............................ 24

            2.   Whether any party violated Cal. Bus. & Prof. Code § 17500 ....... 24

            3.   Whether any party violated Cal. Bus. & Prof. Code § 17200 ....... 24

            4.   Damages ................................................................................ 24

      B.    Issues Triable to the Court ............................................................. 24

            1.   Unclean Hands ....................................................................... 24

            2.   Laches, waiver and estoppel ................................................... 24

            3.   Injunctive relief .................................................................... 24

            4.   Declaratory relief ................................................................ 24

            5.   Attorneys' fees .................................................................... 24

            6.   Statutory damages under the Lanham Act, 15 U.S.C. §1117,
                 including restitution and treble damages. ................................ 24

VII.  RECOVERY OF ATTORNEYS' FEES ....................................................... 24

VIII. PLEADED CLAIMS OR AFFIRMATIVE DEFENSES ABANDONED ... 25

      A.    LegalZoom's Claims and Defenses ................................................. 25

      B.    Rocket Lawyer's Claims and Defenses ........................................... 26

Glaser Weil

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

# TABLE OF AUTHORITIES

Page

# FEDERAL CASES

*Am. Home Prods. Corp. v. Johnson & Johnson,*
654 F. Supp. 568 (S.D.N.Y. 1987 .......................................................... 2

*AMF Inc. v. Sleekcraft Boats,*
599 F.2d 341 (9th Cir.1979) ................................................................ 15

*Andrew Smith Co. v. Paul's Pak, Inc.,*
754 F.Supp.2d 1120 (N.D. Cal. 2010) ................................................ 14

*Badger Meter, Inc. v. Grinnell Corp.,*
13 F.3d 1145 (7th Cir.1994) ................................................................ 20

*Bandag, Inc. v. Bolser's Tire Stores,*
750 F.2d 903 (Fed.Cir.1984) ......................................................... 19, 20

*Bank of the West v. Superior Court,*
2 Ca1.4th 1254,
10 Cal.Rptr.2d 538 P.2d 545 (1992) ............................................... 6, 22

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.,*
174 F.3d 1036 (9th Cir. 1999) ............................................................ 22

*California State Bd. of Equalization v. Coast Radio Products,*
228 F.2d 520 (9th Cir. 1955) .............................................................. 14

*Colgan v. Leatherman Tool Group, Inc.,*
38 Cal. Rptr. 3d 36,
135 Cal. App. 4th 663 (Cal. App. 2006) ......................................... 6, 22

*Cook, Perkiss, and Liehe, Inc. v. N. Cal. Collection Serv.,*
911 F.2d 242 (9th Cir. 1990) ................................................................ 2

*CRST Van Expedited, Inc. v. Werner Enter., Inc.,*
479 F.3d 1099 (9th Cir. 2007) .............................................................. 7

*Danjaq LLC v. Sony Corp.,*
263 F.3d 942 (9th Cir. 2001) ......................................................... 13, 23

*eBay Inc. v. MercExchange, L.L.C.,*
547 U.S. 388 (2006) ............................................................................. 8

*Emco, Inc. v. Obst,*
2004 WL 1737355 at *4 (C.D. Cal. May 7, 2004) ............................. 12

*Finance Exp. LLC v. Nowcom Corp.,*
564 F.Supp.2d 1160  (C.D. Cal. 2008) ............................................... 21

iv

Glaser Weil

958540

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) ............................................................ 2, 6, 22

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
    826 F.2d 837 (9th Cir. 1987) ................................................................. 12

*Gestuvo v. District Director of U.S. Immigration and Naturalization Service*,
    337 F.Supp. 1093 (C.D. Cal. 1971) ....................................................... 14

*Gonzalez v.* Proctor *and Gamble Co.*,
    247 F.R.D. 616 (S.D. Cal. 2007) ............................................................. 7

*Granite State Ins. Co. v. Smart Modular Techs.*,
    76 F.3d 1023 (9th Cir. 1996) ................................................................. 23

*Groves v. Pickett*,
    420 F.2d 1119 (9th Cir. 1970) ............................................................... 13

*Harper House, Inc. v. Thomas Nelson, Inc.*,
    889 F.2d 197 (9th Cir. 1989) ................................................................. 18

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises*,
    559 F.3d 985 (9th Cir. 2009) ........................................................... 13, 23

*Jarrow Formulas, Inc. v. Nutrition Now*,
    304 F.3d 829 (9th Cir.2002) ........................................................... 13, 23

*Kasky v. Nike, Inc.*,
    45 P.3d 243 (2002)
    27 Ca1.4th 939
    119 Cal. Rptr. 2d 296 ........................................................................ 7, 22

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ......................................................................... 7

*Lavie v. Procter & Gamble Co.*,
    105 Cal.App.4th 496
    129 Cal. Rptr. 2d 486 (2003) .............................................................. 7, 22

*Lindy Pen Co. v. Bic Pen Corp.*,
    982 F.2d 1400 (9th Cir.1993) ................................................................ 19

*Love v. Associated Newspapers, Ltd.*,
    611 F.3d 601 (9th Cir. 2010) ................................................................. 25

*Maier Brewing Co. v. Fleischmann Distilling Corp.*,
    390 F.2d 117 (9th Cir. 1968) ................................................................. 20

*Mutual Pharmaceutical Co. v. Ivax Pharmaceuticals, Inc.*,
    459 F.Supp.2d 925 (C.D. Cal. 2006) ..................................................... 17

*Newcal Indus., Inc. v. Ikon Office Solution*,

v

958540

513 F.3d 1038 (9th Cir. 2008) ............................................................................ 2

*Playboy Enterprises, Inc. v. Netscape Communications Corp.*,
354 F.3d 1020 (9th Cir. 2004) .......................................................................... 21

*POM Wonderful LLC v. Purely Juice, Inc.*,
No. CV-07-02663, 2008 WL 4222045 at *11 (C.D. Cal. 2008) ...................... 17, 18

*Pom Wonderful, LLC v. Welch Foods, Inc.*,
737 F. Supp. 2d 1105 (C.D. Cal. Aug. 25, 2010) ............................................ 12

*Rice v. Fox Broad. Co.*,
330 F.3d 1170 (9th Cir. 2003) ............................................................................ 2

*RiverWatch v. County of San Diego Dept. of Env'mtl Health*
175 Cal.App.4th 768 (2009) ............................................................................ 25

*Scotts Co. v. United Indus. Corp.*,
315 F.3d 264 (4th Cir. 2002) ............................................................................ 17

*Scotts Co. v. United Indust. Corp.*,
315 F.3d 264 (4th Cir. 2002) .............................................................................. 1

*Shouse v. Pierce County*,
559 F.2d 1142 (9th Cir. 1977) ...................................................................... 13, 23

*Skydive Ariz., Inc. v. Quattrochi*,
704 F. Supp. 2d 841 (D. Ariz. 2010) ............................................................... 20

*Smithkline Beecham Consumer Healthcare, L.P. v. Johnson & Johnson-Merck*,
906 F. Supp. 178 (S.D.N.Y. 1995) ...................................................................... 2

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1139 (9th Cir. 1997) .................................................................. 1, 2, 19

*Specialty Minerals . Pluess-Staufer AG*,
395 F. Supp. 2d 109 (S.D. N.Y. 2005) .............................................................. 12

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
497 F.3d 144 (2d Cir. 2007) ................................................................................ 1

*TrafficSchool.com Inc. v. Edriver, Inc.*,
633 F. Supp. 2d 1063 (C.D. Cal. 2008) ............................................................... 2

*Trustees For Alaska Laborers-Constr. Indus. Health &Sec. Fund v. Ferrell*,
812 F.2d 512 (9th Cir. 1987) ...................................................................... 13, 23

*U-Haul Intl., Inc. v. Jartran Inc.*,
793 F.2d 1034 (9th Cir. 1986) ...................................................................... 18, 19

*Warner-Lambert Co. v. Breathasure, Inc.*,
204 F.3d 87 (3rd Cir. 2000) .............................................................................. 18

Glaser Weil

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

*William H. Morris Co. v. Grp. W, Inc.*,
   66 F.3d 255 (9th Cir. 1995) ........................................................................ 17, 18, 19

*Winter v. Natural Res. Def. Counsel*,
   555 U.S. 7
   129 S.Ct. 365,
   172 L.Ed.2d 249 (2008) .......................................................................................... 8

## **FEDERAL STATUTES**

§ 43(a) of the Lanham Act
   15 U.S. Code § 1125 ........................................................................................ 19, 20

15 U.S.C. § 1125(a)(1)(B) ........................................................................................ 2

United States Code § 1117(a) ................................................................................. 20

United States Code § 1125(a); ........................................................................... 1, 20

## **OTHER AUTHORITIES**

1A CALLMANN ON UNFAIR COMPETITION, TRADEMARKS AND MONOPOLIES (4th
   ed.2004), § 5:17, p. 5-103 ................................................................................. 7, 22

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

**Glaser Weil**

## I.   <u>INTRODUCTION</u>

Pursuant to Local Rule 16-4, Plaintiff and Counter-Defendant Legalzoom.com, Inc. ("LegalZoom" or "Plaintiff") respectfully submits the following Memorandum of Contentions of Fact and Law as to this action against Rocket Lawyer Incorporated ("Rocket Lawyer" or "Defendant").

## II.   <u>PLAINTIFF'S CLAIMS</u>

### A.   <u>Summary of Claims</u>

LegalZoom plans to pursue the following claims against Rocket Lawyer:

Claim 1:   Federal False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a)

Claim 2:   California False Advertising Under Cal. Bus. & Prof. Code § 17500

Claim 3:   California Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et seq.*

### B.   <u>Elements of Plaintiff's Claims and Evidence in Support Thereof</u>

1.   <u>Plaintiff's Claim 1</u>:  Federal False Advertising – Lanham Act

    a.   <u>Elements</u>

1)   *Rocket Lawyer made a false or misleading statement of fact about its own product or another's product in commercial advertising.*

A statement is literally false when it unambiguously states something that is untrue.  *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d Cir. 2007); *Scotts Co. v. United Indust. Corp.*, 315 F.3d 264, 275 (4th Cir. 2002).

2)   *The statement actually deceived or has the tendency to deceive a substantial segment of its audience.*

In deciding whether Rocket Lawyer's advertisements are false or misleading, each advertisement must be considered as a whole and in context, rather than a portion of the advertisement being considered in isolation.  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1139 (9th Cir. 1997); *Freeman v. Time, Inc.*, 68 F.3d 285,

1

958540

289 (9th Cir. 1995); Order Re: Pl's Mot. Summ. J. at 7, ECF No. 44.  But footnotes and disclaimers which are inconspicuously located do not remedy the false or misleading nature of the advertisement.  *Smithkline Beecham Consumer Healthcare, L.P. v. Johnson & Johnson-Merck*, 906 F. Supp. 178, 185-86 (S.D.N.Y. 1995) (*quoting Am. Home Prods. Corp. v. Johnson & Johnson*, 654 F. Supp. 568, 590 (S.D.N.Y. 1987)); *TrafficSchool.com Inc. v. Edriver, Inc.*, 633 F. Supp. 2d 1063, 1076 (C.D. Cal. 2008).

  3)  *The deception is material*.

  To be a material deception, the false or misleading nature of the advertisement must be likely to influence the purchasing decision.  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003); *Cook, Perkiss, and Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 244 (9th Cir. 1990).

  4)  *Rocket Lawyer caused its false or misleading statement to enter interstate commerce*.

  The parties have stipulated that the subject Rocket Lawyer advertisements were placed into interstate commerce.

  5)  *LegalZoom has been or is likely to be injured as a result of the false or misleading statement*.

  Injury can be established either by direct diversion of sales from LegalZoom to Rocket Lawyer or by a lessening of the goodwill associated with LegalZoom's products.  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1054 (9th Cir. 2008); 15 U.S.C. § 1125(a)(1)(B).

### b.  <u>Key Supporting Evidence</u>

  Much of the key evidence has been already determined by the Court or is based on the undisputed summary judgment record.

  For example, the Court held that LegalZoom and Rocket Lawyer are both providers of online legal products and compete with one another in the online legal

products industry.  Both offer incorporation and formation services and other online legal products.  The Court also held that Rocket lawyer was advertising several free services online, including the following: 1) "Incorporate for Free. . . Pay No Fees ($0);" 2) "Free. . .LLCs;" 3) "Free help from local attorneys" and "Free legal review;" 4) "Zoom Charges $99. Rocket Lawyer is Fast, Easy, & Free. Incorporate Your Business Today;" and 5) "Free" trials of Defendant's "Basic Legal Plan" and "Pro Legal Plan."  Each advertisement either contains a link to Rocket Lawyer's website or is published directly on the website.

As to "free" incorporation, these advertisements were literally false because Rocket Lawyer's customers had to pay money to incorporate (in the form of state fees).  These advertisements were misleading because Rocket Lawyer's customers were unable to discover the requirement for paying state filing fees until after they accessed the Rocket Lawyer website, completed a "setup" page, and filled out information relating to "company details."  Expert testimony will confirm these details and the length of this process.  As to literal falsity, the jury can determine that the advertisements were literally false by examining the advertisement content and by hearing testimony that state filing fees are required.

As to "free help from local attorneys" and "free legal review" advertisements, these advertisements were literally false because Rocket Lawyer customers were not able to access these services unless they were "eligible members" who had purchased either a monthly or annual "Legal Plan" from Rocket Lawyer by enrolling in Rocket Lawyer's trial membership and then either paying for a year in advance or remaining a paying monthly member for three months.  The advertisements are misleading because the paid membership requirement was not disclosed in close proximity to the advertisements on the Rocket Lawyer website, and was only accessible by clicking on a separate link.  The jury can determine that the advertisements were misleading and false by examining the advertisement content, the Rocket Lawyer web pages, and by hearing testimony about what was required in order to get "free help from local

Glaser Weil

1   attorneys" and "free legal review."

2       As to "free trial" advertisements, which tout that customers can "try" Rocket

3   Lawyer's "Basic Legal Plan" or "Pro Legal Plan" for "free," the advertisements were

4   literally false because customers were required to first provide Rocket Lawyer with

5   their credit card information and enroll in a "negative option" program in which

6   customers are enrolled and billed after a set period of time if they fail to cancel out of

7   the program.  The disclosure of Rocket Lawyer's negative option program is found in

8   a standard font without adequate disclosure to consumers.  LegalZoom will present

9   evidence showing that Rocket Lawyer's negative option program failed to meet the

10  requirements of California's negative option law, which spells out the requirements of

11  "clear and conspicuous" and provides that a disclosure must be "in larger type than

12  the surrounding text, or in contrasting type, font or color to the surrounding text of the

13  same size, or set off from the surrounding text of the same size by symbols or other

14  marks, in a manner that clearly calls attention to the language."  In addition, the

15  statute requires that the customer be provided with an acknowledgement that includes

16  the automatic renewal or continuous service offer terms, cancellation policy and

17  information regarding how to cancel in a manner that is capable of being retained by

18  the customer.  Rocket Lawyer's advertisements failed to meet these requirements.

19      As to the misleading nature of the advertisements, LegalZoom will present

20  expert testimony from Dr. Bruce Isaacson regarding the results of a survey that he

21  performed which measures the impressions conveyed by Rocket Lawyer's "free"

22  advertisements as compared against control advertisements that were altered to add

23  certain disclaimers and/or additional specificity to the copy.   Dr. Isaacson concludes

24  that a significantly greater number of the respondents who viewed the Rocket Lawyer

25  "free" advertisements believed that you can incorporate a business through Rocket

26  Lawyer's service without paying any fees, than the number of respondents who

27  viewed the control advertisements.  This market research supports the fact that these

28  advertisements are materially misleading.

Glaser Weil

4

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

LegalZoom will also present evidence of Rocket Lawyer's intent to deceive consumers with these advertisements.  This evidence will be in the form of internal Rocket Lawyer studies and a study prepared by Google Ventures, reviewed and considered by Rocket Lawyer management, showing that small business owners felt "deceived" by Rocket Lawyer's "free" advertisements, that Rocket Lawyer was employing a "bait and switch," and that the advertisements were "sneaky" which "undermined their trust."  These reports, coupled with internal Rocket Lawyer emails regarding  a Rocket Lawyer policy to disregard customer feedback and preferences because of a concerted effort by the executive team at Rocket Lawyer to minimize changes that might negatively impact revenue, will be used to demonstrate that Rocket Lawyer had an intent to deceive consumers with its "free" advertisements.  It was only after this lawsuit was filed that Rocket Lawyer finally changed many of its advertisements to address the false and misleading nature of those advertisements.

As a result of Rocket Lawyer's "free" advertisements, LegalZoom's co-founder Brian Liu contacted Charles Moore at Rocket Lawyer several times to communicate that Rocket Lawyer was engaging in false advertising and unfair competition, and to request that Rocket Lawyer take down its advertisements relating to free trials and free services.  Rocket Lawyer did not comply with those requests.  In addition, LegalZoom will present evidence that there were communications between Google and Rocket Lawyer in which Google stated that Rocket Lawyer's advertisements violated Google's "Offer Not Found Policy" by saying: (1) Incorporate for Free, but failing to disclose state fees, and (2) saying "Free Legal Document" but failing to disclose the contingency, and in which Google threatened to discontinue running Rocket Lawyer advertisements because of the false and misleading nature of those advertisements.

LegalZoom will present evidence that it has suffered actual damages and irreparable harm as a result of Rocket Lawyer's false and misleading advertising practices.  Expert testimony from Dr. Alan Goedde will establish that LegalZoom lost

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

Glaser Weil

1 business to Rocket Lawyer as a result of consumers clicking on Rocket Lawyer "free"

2 advertisements, and that LegalZoom lost profits based on Rocket Lawyer

3 advertisements which included the terms "free trial" and "free legal help," either in

4 Rocket Lawyer's "free" business formation advertisements that do not mention state

5 filing fees, or in Rocket Lawyer's advertisements using LegalZoom trademarks or

6 similar terms as internet search terms.  Dr. Goedde will support his opinions with

7 spread-sheets, summaries, and other documents which show the number of clicks on

8 Rocket Lawyer's "free" advertisements, the conversions to purchase, the relative

9 market share, the illicit profits gained by Rocket Lawyer and the damages suffered by

10 LegalZoom.  Expert testimony from Dr. Larry Chiagouris will show that LegalZoom

11 suffered a potential decline in market share and a likely loss of consumer goodwill

12 based on Rocket Lawyer's false and misleading "free" advertisements.

13    2. <u>Plaintiff's Claim 2</u>:  California False Advertising Under Cal. Bus.

14     & Prof. Code § 17500

15    **a.** **<u>Elements</u>**

16  1) *Rocket Lawyer made or disseminated a statement in connection with the*

17    *sale or disposition of goods or services.*

18   This element generally tracks with the Lanham Act, which requires a

19 "statement of fact about its own product or another's product in commercial

20 advertising."

21  2) *Rocket Lawyer's statement was untrue or misleading.*

22   To show that an advertisement is "misleading" under the California False

23 Advertising statute, the plaintiff must show that members of the intended audience are

24 "likely" to be deceived.  It is not necessary for the plaintiff to show that the

25 "advertisements actually deceived or have the tendency to deceive a substantial

26 segment of their audience." *Colgan v. Leatherman Tool Group, Inc.*, 38 Cal. Rptr. 3d

27 36, 135 Cal. App. 4th 663 (Cal. App. 2006) (citing *Freeman v. Time, Inc.*, 68 F.3d

28 285, 289 (9th Cir. 1995); *Bank of the West v. Superior Court*, 2 Ca1.4th 1254, 1267,

1  10 Cal.Rptr.2d 538, 833 P.2d 545 (1992); *Lavie v. Procter & Gamble Co.*,105

2  Cal.App.4th 496, 504-13, 129 Cal. Rptr. 2d 486 (2003); *Kasky v. Nike, Inc.*, 27

3  Cal.4th 939, 951, 119 Cal. Rptr. 2d 296, 45 P.3d 243 (2002) ("[T]o state a claim

4  under either the UCL or the false advertising law, based on false advertising or

5  promotional practices, 'it is necessary only to show that "members of the public are

6  likely to be deceived.' "); 1A CALLMANN ON UNFAIR COMPETITION, TRADEMARKS

7  AND MONOPOLIES (4th ed.2004), § 5:17, p. 5-103).

8     3)     *Rocket Lawyer either knew, or which by the exercise of reasonable care*

9          *should have known, that its statement was untrue or misleading.*

10     This element does not appear in the Lanham Act.

11     4)     *Members of the target audience for the statement were likely to be*

12          *deceived.*

13     See discussion of the second element above.

14     Note, that there is no required element under the California False Advertising

15  law that the Plaintiff suffer damage or injury in order to obtain judgment.

16          b.     Key Supporting Evidence

17     See evidence cited for Claim 1 above.

18          3.    Plaintiff's Claim 3:  California Unfair Competition Under Cal.

19             Bus. & Prof. Code § 17200 *et seq.*

20          a.     **Elements**

21    1)     *Rocket Lawyer engaged in a business practice that is forbidden by law.*

22

23    2)     *Rocket Lawyer committed false advertising under the federal Lanham*

24          *Act and/or false advertising under California Business and Professions*

25          *Code  § 17500.*

26  *Gonzalez v.* Proctor *and Gamble Co.*, 247 F.R.D. 616, 625 (S.D. Cal. 2007); *Korea*

27  *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *CRST Van*

28  *Expedited, Inc. v. Werner Enter., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007).

### b. __Key Evidence__

See Evidence cited for Claim 1 above.

4.     Plaintiff's Remedy for Permanent Injunctive Relief

Plaintiff seeks to enjoin Rocket Lawyer from running advertisements using the word "free" absent a conspicuous disclosure made in the same advertisement, of any required payments or charges.   Plaintiff seeks to enjoin Rocket Lawyer from running advertisements on its website using the word "free" absent a conspicuous disclosure on the same page as the word "free" in the advertisement, of any required payments or charges.

### a. __Elements__

1)     *LegalZoom has suffered an irreparable injury, or is likely to suffer an irreparable injury if injunctive relief is not granted.*

2)     *Remedies available at law, such as monetary damages, are inadequate to compensate LegalZoom for that injury.*

3)     *Considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted.*

4)     *The public interest would not be disserved by a permanent injunction.*

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

### b. __Key Evidence__

See evidence cited for Claim 1 above.

In addition, LegalZoom will present expert testimony from Dr. Larry Chiagouris that the use of "free" advertisements unfairly tilts the playing field for online companies like LegalZoom  and Rocket Lawyer, and that LegalZoom is likely

__LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW__

958540

**Glaser Weil**

to suffer a decrease of market share and good will if Rocket Lawyer continues to use "free" advertisements without adequate disclosure of actual costs to be borne by the consumer.

## III.   DEFENDANT'S CLAIMS AND DEFENSES

### A.   Summary Statement of Defendant's Counterclaims and Affirmative Defenses

Rocket Lawyer plans to pursue the following claims and affirmative defenses against LegalZoom:

Counterclaim 1:    Declaratory Judgment – Rocket Lawyer Did Not Violate the Lanham Act, 15 U.S.C. § 1125(a)

Counterclaim 2:    Declaratory Judgment -- Rocket Lawyer Did Not Violate Cal. Bus. & Prof. Code § 17500

Counterclaim 3:    Declaratory Judgment – Rocket Lawyer Did Not Violate Cal. Bus. & Prof. Code § 17200 *et seq.*

Counterclaim 4:    LegalZoom's Violation of 15 U.S.C. § 1125(a)

Counterclaim 5:    LegalZoom's Violation of Cal. Bus. & Prof. Code § 17500

Counterclaim 6:    LegalZoom's Violation of Cal. Bus. & Prof. Code § 17200

First Affirmative Defense:  Unclean Hands

Second Affirmative Defense:  Laches, Waiver, and/or Estoppel

Third Affirmative Defense:  Any injury or loss caused by third parties

Fourth Affirmative Defense:  Rocket Lawyer's practices have not caused the likelihood of confusion

Fifth Affirmative Defense:  Damages not an available remedy for an alleged violation of Cal. Bus. & Prof. Code § 17200 to recover lost profits.

Glaser Weil

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

**B.**    **Elements of Rocket Lawyer's Counterclaims and Defenses, and Key Evidence Relied Upon in Opposition**

1. <u>Counterclaim 1</u>:    Declaratory Judgment – Rocket Lawyer Did Not Violate the Lanham Act, 15 U.S.C. § 1125(a)

    **a.** **Elements**

    Under the federal Declaratory Judgment Act, in a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.   See Plaintiff's Claim 1 for the elements of a Lanham Act violation.

    **b.** **Key Opposing Evidence**

    See evidence cited for Plaintiff's Claim 1.

2. <u>Counterclaim 2</u>:    Declaratory Judgment -- Rocket Lawyer Did Not Violate Cal. Bus. & Prof. Code § 17500

    **a.** **Elements**

    See Plaintiff's Claim 2 for the elements of a Cal. Bus. & Prof. Code § 17500 violation.

    **b.** **Key Opposing Evidence**

    See evidence cited for Plaintiff's Claim 1.

3. <u>Counterclaim 3</u>:    Declaratory Judgment – Rocket Lawyer Did Not violate Cal. Bus. & Prof. Code § 17200 *et seq.*

    **a.** **Elements**

    See Plaintiff's Claim 3 for the elements of a Cal. Bus. & Prof. Code § 17200 violation.

    **b.** **Key Opposing Evidence**

    See evidence cited for Plaintiff's Claim 1.

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

4.      Counterclaim 4:  LegalZoom's Violation of 15 U.S.C. § 1125(a)

a.      **Elements**

See Plaintiff's Claim 1 for the elements of a Lanham Act violation.  Rocket Lawyer's claim is based on a review web page called Legalspring.com, which was at one time operated by a former LegalZoom employee, Travis Giggy.   Rocket Lawyer claims that LegalZoom controlled the site through its agent, Mr. Giggy, and used the site to falsely advertise and unfairly compete.

b.      **Key Opposing Evidence**

LegalZoom will present testimony from Mr. Giggy, as well as from LegalZoom's current and former employees, that the site was never operated by LegalZoom.  LegalZoom will also present evidence that the site does not contain any statements of fact about any products which are false or misleading -- the site contains solely opinions and puffery about online legal solutions companies, and does not mention Rocket Lawyer.  Finally, Rocket Lawyer has produced no evidence, in the form of market research or otherwise, showing that consumers have been misled by any of the content of Legalspring.com.

5.      <u>Counterclaim 5</u>:     LegalZoom's Violation of Cal. Bus. & Prof. Code  § 17500

a.      **Elements**

See Plaintiff's Claim 2 for the elements of a Cal. Bus. & Prof. Code § 17500 violation.

b.      **Key Opposing Evidence**

See evidence described above for Counterclaim 4.

6.      Counterclaim 6:     LegalZoom's Violation of Cal. Bus. & Prof. Code  § 17200

a.      **Elements**

See Plaintiff's Claim 3 for the elements of a Cal. Bus. & Prof. Code § 17200 violation.

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

1       **b.**  **Key Opposing Evidence**

2  See evidence described above for Counterclaim 4.

3      7.  First Affirmative Defense:  **Unclean Hands**

4       **a.**  **Elements**

5  1)  That LegalZoom's conduct is inequitable.

6  2)  That LegalZoom's conduct relates to the subject matter of LegalZoom's

7     claims against Rocket Lawyer.

8  3)  The misconduct that forms the basis for the unclean hands defense must

9     be directly related to plaintiff's use or acquisition of the right in suit.

10 *Emco, Inc. v. Obst*, 2004 WL 1737355 at *4 (C.D. Cal. May 7, 2004) (citing

11 *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987));

12 *Pom Wonderful, LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1110 (C.D. Cal.

13 Aug. 25, 2010) (internal citations omitted) (emphasis added); *Specialty Minerals v.*

14 *Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112-13 (S.D. N.Y. 2005).

15      **b.**  **Key Opposing Evidence**

16   In attempting to support an unclean hands defense, Rocket Lawyer contends

17 that LegalZoom also advertises the price of its services without disclosing the

18 additional cost of state fees.  In particular, Rocket Lawyer has argued that

19 LegalZoom's advertisement for incorporation services ("Incorporation Services…

20 Sign in to our secure server to start your incorporation… Economy $99") is the

21 "same" as Rocket Lawyer's advertisement for its incorporation services ("Incorporate

22 your business for Free – Rocket Lawyer… Free Incorporation.  Get a Free

23 Incorporation in any State.  How to Incorporate in Any State For Free") simply

24 because neither advertisement references state fees.

25   The difference however is both factually and legally significant.  LegalZoom

26 will present documentary and testimonial evidence that its advertisements specifically

27 refer to LegalZoom's incorporation "services," in contrast to Rocket Lawyer's

28 advertisements which promise a full incorporation.  Moreover, LegalZoom's

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

advertisements do not allege that it offers anything for "free."  Rocket Lawyer's advertisements, on the other hand, state that customers can "Incorporate your business for Free… Free Incorporation.  Get a Free Incorporation in any State," "incorporate for free… pay no fees ($0)," "form your LLC free at Rocket Lawyer," "free help from local attorneys," "free legal review," and "free" trials of Rocket Lawyer's "Basic Legal Plan" and "Pro Legal Plan."

LegalZoom will present expert testimony from Dr. Chiagouris that "free" is an especially powerful tool in marketing.  Rocket Lawyer's advertisements do not limit the term "free" to Rocket Lawyer's "services."  As a result of the state fees, which are unavoidably associated with incorporation, Rocket Lawyer's advertisements are false because Rocket Lawyer's customers cannot "Incorporate [their] business for Free," get "Free Incorporation," "Get a Free Incorporation in any State," "Incorporate in Any State For Free" or "pay no fees ($0)" as promised by the express language in Rocket Lawyer's advertisements.  Thus, Rocket Lawyer's "unclean hands" defense is unsupportable.

        8.      Second Affirmative Defense:  Laches, Waiver, and/or Estoppel

        a.    **Elements of Laches**

1) The plaintiff unreasonably delayed in bringing suit measured beginning from the time that the plaintiff knew or should have known of the of the allegedly infringing conduct.

2) The delay caused material prejudice to the defendant-party.

3) There is an exceptionally strong presumption that laches cannot be found when a case is brought within the statute of limitations.

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises,* 559 F.3d 985, 990 (9th Cir. 2009); *Jarrow Formulas, Inc. v. Nutrition Now*, 304 F.3d 829, 838 (9th Cir.2002); *Trustees For Alaska Laborers-Constr. Indus. Health &Sec. Fund v. Ferrell*, 812 F.2d 512, 518 (9th Cir. 1987); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 952 (9th Cir. 2001); *Shouse v. Pierce County*, 559 F.2d 1142, 1147 (9th Cir. 1977).

13

958540

**b.** <u>**Elements of Waiver**</u>

Waiver is the intentional relinquishment of a known right. *Groves v. Pickett*, 420 F.2d 1119, 1125 (9th Cir. 1970).

A waiver is not effective unless the party executing it is fully informed of:

1) the existence of the right being waived;

2) the meaning of the waiver;

3) the effect of the waiver; and

4) a full understanding of the explanation of the waiver.

*Andrew Smith Co. v. Paul's Pak, Inc.*, 754 F.Supp.2d 1120, 1131 (N.D. Cal. 2010). The burden is on the party claiming a waiver to prove it by clear and convincing evidence. *Id.*

**c.** <u>**Elements of Estoppel**</u>

1) the party to be estopped must know the facts;

2) he must intend that his conduct shall be acted on or must so act that the party asserting estoppel has a right to believe it is so intended;

3) the latter must be ignorant of the true facts;

4) he must rely on the former's conduct to his injury.

*Gestuvo v. District Director of U.S. Immigration and Naturalization Service*, 337 F.Supp. 1093, 1101 (C.D. Cal. 1971); *California State Bd. of Equalization v. Coast Radio Products*, 228 F.2d 520, 525 (9th Cir. 1955).

**d.** <u>**Key Opposing Evidence for Laches, Waiver and/or Estoppel**</u>

Rocket Lawyer's false advertising activities took place in 2010 – 2012. LegalZoom will present emails and related testimony showing that LegalZoom demanded that Rocket Lawyer cease engaging in such conduct during 2011. LegalZoom filed its lawsuit in November 2012, well within the statute of limitations. Rocket Lawyer has not raised any defense based on the statute of limitations. Moreover, Rocket Lawyer has not alleged any facts or produced any evidence

demonstrating that LegalZoom intended to relinquish its rights against Rocket Lawyer with respect to the conduct at issue, or that Rocket Lawyer relied to its injury on any conduct engaged in by LegalZoom.

> 9.    Third Affirmative Defense:  Any injury or loss was caused by third parties

### a.    Elements

1) That third party conduct occurred after the conduct of Rocket Lawyer

2) That a reasonable person would consider the third party's conduct as a highly unusual or an extraordinary response to the situation created by Rocket Lawyer

3) That Rocket Lawyer did not know and had no reason to expect that the third party would act in a negligent/wrongful manner

4) That the kind of harm resulting from the third party's conduct was different from the kind of harm that could have been reasonably expected from Rocket Lawyer's conduct

Judicial Council of California Civil Jury Instructions No. 432.

### b.    Key Opposing Evidence

Because LegalZoom is complaining solely about Rocket Lawyer advertisements, LegalZoom believes that this defense has no merit.  Nor has Rocket Lawyer ever adequately explained it.

> 10.    Fourth Affirmative Defense:  Rocket Lawyer's practices have not caused the likelihood of confusion

### a.    Elements

In *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979), the Ninth Circuit set forth eight factors which are relevant to the likelihood of confusion: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in

15

Glaser Weil

1    selecting the mark; and (8) likelihood of expansion of the product lines.

2        The similarity or strength of the marks refers to how similar the two trademarks

3    look physically, how similar they sound and how similar the meaning of the

4    trademark is after interpreted by the public.  There is little infringement defense that

5    can take place if two markings look almost identical and on clearly was established

6    first.  The type of goods or services plays a role in possible confusion because similar

7    trademarks with similar products (such as Nike and Adidas having the same slogan

8    minus a word or two) would be a cause for confusion and trademark infringement.

9    Evidence of actual confusion can be shown by actual confusion among consumers

10   who mistook one company for another because of trademark confusion.  If a possible

11   trademark infringer targets consumers in the same market as another similar

12   trademark, the judge will view this as causing a higher likelihood of confusion.  If

13   similar trademarks also sell their products in close proximity to one another,

14   confusion among consumers is likely to occur.  Defendant's intent when the

15   trademark in question was created is relevant, and the infringement defense must

16   prove the existing trademark had no influence on the creation of the plaintiff's

17   marking.

                    **b.      Key Opposing Evidence**

18

19       The two marks at issue are web domains, www.legalzoomer.com and

20   www.legalzoomgadget.com.  Rocket Lawyer stated in its answer that it was prepared

21   to return these domains to LegalZoom, but has failed to do so.  The two marks are

22   extremely similar to Legalzoom.com, and the types of goods or services provided are

23   substantially the same, targeting the same consumers in the same marketplace.

24   LegalZoom anticipates that evidence of Rocket Lawyer's intent in creating these

25   marks will be established based on testimony.

26

27

28

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

**IV.    IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES**

    **A.    Evidentiary Presumptions**

        1.    Literal Falsity

    If the plaintiff proves "literally falsity," the trier of fact must presume that consumers were misled, and the Court does not need to inquire into whether consumers were deceived or misled.  "A plaintiff is entitled to relief under the Lanham Act on proof of literal falsity alone, as the court will assume that false statements actually mislead consumers."  *POM Wonderful LLC v. Purely Juice, Inc.*, No. CV-07-02663, 2008 WL 4222045 at *11 (C.D. Cal. 2008); *see also Mutual Pharmaceutical Co. v. Ivax Pharmaceuticals, Inc.*, 459 F.Supp.2d 925, 933 (C.D. Cal. 2006) ("'Where the advertisement is literally false, a violation may be established without evidence of consumer deception.") (quoting *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 273 (4th Cir. 2002)).

    Displeased with this legal principle, Rocket Lawyer attempts to add an additional element not required by either of the two above-cited cases before the trier of fact will presume that consumers were deceived or misled.  In particular, Rocket Lawyer argues that, in addition to proving "literally falsity," the plaintiff must also prove that the defendant intended to deceive consumers.  In support of this erroneous proposition, Rocket Lawyer cites several cases where, upon a showing of intentional deception, the court presumed that consumers were misled.  These cases set forth a separate, distinct and standalone means for creating a presumption that consumers were misled.  Rocket Lawyer's cases do not overrule, nor supplement, the presumption that consumers were misled that arises from proof of "literal falsity." Thus, there are two separate means of creating a presumption that consumers were misled: (1) proof of literal falsity; or (2) proof of an intent to deceive.  A plaintiff may invoke the presumption "on proof of literal falsity *alone*," without additional proof of intentional deception.  *POM Wonderful LLC, supra* (emphasis added).  The cases cited by LegalZoom – *POM Wonderful* and *Mutual Pharmaceutical* – do not require

17

additional proof of intent, and Rocket Lawyer has not cited any legal authority holding that literal falsity is insufficient without an additional showing of intent.  To the contrary, in *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995) – cited by Rocket Lawyer in separate briefing – the Court: (1) initially held that "Omnicron's letter contains no literally false statements" (p. 257) and refused to invoke the presumption on that basis, but later (2) "remand[ed] to allow the district court to make an explicit finding as to whether Omicron acted with the intent to deceive" which might independently serve as the basis to invoke the presumption (p. 259).  The *William H. Macy* Court dealt with the two tests separately, precisely because they are two independent grounds for invoking the same presumption.

### 2.    Intent to Deceive

If LegalZoom establishes that Rocket Lawyer engaged in intentional deception, the trier of fact <u>must</u> then presume that the advertisement actually deceived or has the tendency to deceive a substantial segment of the audience, and Rocket Lawyer has the burden of proving otherwise.  *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995) ("If Omicron intentionally misled consumers, we would presume consumers were in fact deceived and Omicron would have the burden of demonstrating otherwise."); *POM Wonderful LLC v. Purely Juice, Inc.*, No. CV-07-02663, 2008 WL 4222045, at *11 (C.D. Cal. July 17, 2008); *U-Haul Intl., Inc. v. Jartran Inc.*, 793 F.2d 1034, 1040-41 (9th Cir. 1986); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 208-09 (9th Cir. 1989); *Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 92 (3rd Cir. 2000).

Rocket Lawyer does not dispute this general premise, nor the cited authorities (the first cited authority come from Rocket Lawyer's briefing).  Likewise, Rocket Lawyer concedes that, if LegalZoom is able to prove intentional deception and invoke this presumption, *the burden shifts and Rocket Lawyer must thereafter rebut the presumption*. *Id*.  Nevertheless, Rocket Lawyer seeks to circumvent its burden of rebutting the presumption by empowering the jury to simply ignore the presumption

18

even if LegalZoom proves intentional deception.  In particular, Rocket Lawyer asks the Court to add discretionary language – "*may* presume" – and thereby transform this firmly established presumption, and shifting burden of proof, into something akin to an optional guideline that the jury may freely ignore even if Rocket Lawyer is unable to rebut the presumption.  Rocket Lawyer's requested change is contrary to the above-cited authorities, and renders the rebuttable presumption ineffective and moot.

> "It is not easy to establish actual consumer deception through direct evidence. The expenditure by a competitor of substantial funds in an effort to deceive consumers and influence their purchasing decisions justifies the existence of a presumption that consumers are, in fact, being deceived. He who has attempted to deceive should not complain when required to bear the burden of rebutting a presumption that he succeeded."

*U-Haul Intl., Inc. v. Jartran Inc.*, 793 F.2d 1034, 1041 (9th Cir. 1986).  In the case cited by Rocket Lawyer – *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995) – the Court held that "if Omicron intentionally misled consumers, we *would* presume consumers were in fact deceived and Omicron would have the burden of demonstrating otherwise" (emphasis added).  The *William H. Macy* Court did not hold that the Court "might" or "may" presume; rather, the Court "would" presume, precisely because the presumption is neither optional, nor discretionary.

**B.    <u>Damages</u>**

1.    Actual Damages Need Not Be Established to Recover

LegalZoom need not prove actual damages in order to obtain a monetary award pursuant to 15 U.S.C. section 1117(a); rather, the preferred approach allows the Court to fashion relief, *including monetary*, based on the totality of the circumstances. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1146 (9th Cir. 1997).

> "[A]lthough the Ninth Circuit in *Harper House* stated that 'actual evidence of some injury resulting from the deception is an essential

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

1    element' in a suit for damages under § 43(a), *id.* (emphasis omitted), a

2    more recent decision holds that 'an inability to show actual damages

3    does not alone preclude a recovery under section 1117.' *Lindy Pen Co. v.*

4    *Bic Pen Corp.,* 982 F.2d 1400, 1411 (9th Cir.1993) (quoting *Bandag,*

5    *Inc. v. Bolser's Tire Stores,* 750 F.2d 903, 919 (Fed.Cir.1984)). Under

6    *Lindy Pen,* the preferred approach allows the district court in its

7    discretion to fashion relief, including monetary relief, based on the

8    totality of the circumstances. *Id.; see also Badger Meter, Inc. v. Grinnell*

9    *Corp.,* 13 F.3d 1145, 1157 (7th Cir.1994) (stating that, even if a plaintiff

10   is unable to demonstrate damages resulting from the defendant's § 43(a)

11   violation, § 1117 allows the district court to award the plaintiff any just

12   monetary award so long as it constitutes 'compensation' for the

13   plaintiff's losses or the defendant's unjust enrichment and is not simply a

14   "penalty" for the defendant's conduct)."

15   *Id.* Moreover, even if proof of actual damage were required, LegalZoom will offer

16   the testimony of two separate experts – Dr. Goedde and Dr. Chiagouris – to firmly

17   establish the existence of damage suffered by LegalZoom, including loss of market

18   share and loss of goodwill.

19              2.    Rocket Lawyer's Profits

20       In addition to its own damages, LegalZoom is also and separately entitled to

21   any profits earned by Rocket Lawyer that are attributable to the false advertising.  15

22   U.S.C. §§ 1117(a) and 1125(a); *Skydive Ariz., Inc. v. Quattrochi*, 704 F. Supp. 2d

23   841, 848 (D. Ariz. 2010) rev'd in part (on other grounds) sub nom. *Skydive Arizona,*

24   *Inc. v. Quattrocchi*, 673 F.3d 1105 (9th Cir. 2012) ("When seeking profits, the

25   Plaintiff's only burden is to prove the Defendants' gross revenues. . . . The burden falls

26   on the Defendant to prove all deductions and expenses that it believes are necessary to

27   reach an accurate calculation of profits."); *Maier Brewing Co. v. Fleischmann*

28   *Distilling Corp*., 390 F.2d 117, 124 (9th Cir. 1968) ("the defendant has the burden of

20

958540

proof as to any deductions from his gross sales.").

## V.    ISSUES OF LAW GERMANE TO THE CASE

The parties are largely in agreement concerning the substantive law and the elements of that law which are applicable to the facts of this case.  But there are a few areas of disagreement.

### A.    Context For Evaluating Whether Advertisement is False or Misleading

The parties dispute the meaning of "context" when applied to the determination of whether advertisements are false or misleading.

LegalZoom contends that the "context" to be evaluated for determining false advertising is the entire advertisement (or webpage) which is intended to draw consumers into the store (or website).  Thus, it would be unfair to prove up false advertising by showing the jury only the top half of a webpage, without showing the portion of the advertisement which contains additional qualifying language.

Rocket Lawyer contends that the "context" to be evaluated for determining false advertising is the entire set of web pages, including the multiple web screens that appear at the Rocket Lawyer website all along the "typical consumer journey" that leads to the page where consumers are finally asked to enter credit card information (the web store).  Of course, this "context" is not apparent or discernible on the webpage with the false statements, and therefore consumers are lured by the deception to click through to the subsequent web pages.

If Rocket Lawyer's argument is accepted, then a false advertiser can attract consumers to its website through blatant false advertising, so long as the false advertiser reveals its deception at some point during the "typical consumer journey" before a purchase is consummated.  More to the point, a company can falsely advertise its products and services as "free" throughout the internet so long as the company discloses the hidden cost before taking the consumer's money.  Rocket Lawyer's argument is contrary to well established case law interpreting the Lanham

Glaser Weil

Act.  Deceptive conduct which creates "initial interest confusion" is actionable even if "dispelled before an actual sale occurs."  *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1024-25 (9th Cir. 2004); *Finance Exp. LLC v. Nowcom Corp.*, 564 F.Supp.2d 1160, 1175 (C.D. Cal. 2008), (same); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1062-64 (9th Cir. 1999) (holding actionable acts intended "to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion. . . . actual or potential confusion at the time of purchase" is not necessary.).  Although this principle originates in trademark law, "[i]nitial interest confusion is actionable under the Lanham Act . . . unfair competition laws do protect against this form of consumer confusion."  *Brookfield*, *supra*, 174 F.3d 1062-63.

Thus, if Rocket Lawyer's position were permitted, companies would be free to openly deceive consumers, in order to attract and retain them, so long as they come clean at some point before the final purchase.  Respectfully, that cannot possibly be what the *Southland Sod* court intended when it instructed the trier of fact to consider the "entire context" of the false advertisement.

**B.**   **Distinction Between Federal and State False Advertising Claims**

To prevail on a false advertising claim under California Business and Professions Code § 17500, the plaintiff must show that members of the intended audience are "likely to be deceived."  *Colgan v. Leatherman Tool Group, Inc.*, 38 Cal. Rptr. 3d 36, 135 Cal. App. 4th 663 (Cal. App. 2006) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Bank of the West v. Superior Court*, 2 Ca1.4th 1254, 1267, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992); *Lavie v. Procter & Gamble Co.*,105 Cal.App.4th 496, 504-13, 129 Cal. Rptr. 2d 486 (2003); *Kasky v. Nike, Inc.*, 27 Ca1.4th 939, 951, 119 Cal. Rptr. 2d 296, 45 P.3d 243 (2002) ("[T]o state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, 'it is necessary only to show that "members of the public are likely to be deceived.' "); 1A CALLMANN ON UNFAIR COMPETITION, TRADEMARKS

958540

1   AND MONOPOLIES (4th ed.2004), § 5:17, p. 5-103).

2       Rocket Lawyer does not dispute the law in this regard, nor the above-cited

3   authorities.  Nevertheless, Rocket Lawyer urges that "Lanham Act and FAL claims

4   are treated as substantially the same standard in federal court" and, therefore, a jury

5   instruction addressing the need to prove that the audience is "likely to be deceived" is

6   unnecessary and duplicative of other jury instructions.  While Rocket Lawyer is

7   correct that Lanham Act and state false advertising claims employ "substantially the

8   same standard," there remain a few important distinctions.  Most importantly,

9   California Business and Professions Code § 17500 does not require proof that the

10   advertising statement "actually deceived or has the tendency to deceive," and instead

11   requires proof that the public was "likely to be deceived."  *Id*.  Therefore, a jury

12   instruction setting forth this separate requirement is necessary and appropriate.

13       **C.**    <u>**Laches**</u>

14       Rocket Lawyer is asserting laches as an affirmative defense.  Laches is an

15   equitable defense to be determined by the Court, rather than the jury.  *Danjaq LLC v.*

16   *Sony Corp.*, 263 F.3d 942, 962 ("there is no right to a jury on the equitable defense of

17   laches," citing *Granite State Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1027

18   (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative

19   defense if the defense is equitable in nature")).  Therefore, the jury need not be

20   instructed on laches.

21       Moreover, Rocket Lawyer's (erroneous) description of the elements of a *state*

22   *law* laches defense is inappropriate.  In this Federal Court, laches requires proof that:

23   (1) the plaintiff unreasonably delayed in bringing suit; and (2) the delay caused

24   material prejudice to the defendant-party.  *Internet Specialties W., Inc. v. Milon-*

25   *DiGiorgio Enterprises*, 559 F.3d 985, 990 (9th Cir. 2009); *Jarrow Formulas, Inc. v.*

26   *Nutrition Now*, 304 F.3d 829, 838 (9th Cir.2002); *Trustees For Alaska Laborers-*

27   *Constr. Indus. Health &Sec. Fund v. Ferrell*, 812 F.2d 512, 518 (9th Cir. 1987).  The

28   period of delay is measured beginning from the time that the plaintiff knew or should

have known of the of the allegedly infringing conduct.  *Danjaq LLC v. Sony* Corp., 263 F.3d 942, 952 (9th Cir. 2001).  There is an exceptionally strong presumption that laches cannot be found when a case is brought within the statute of limitations. *Shouse v. Pierce County*, 559 F.2d 1142, 1147 (9th Cir. 1977).  Finally, Rocket Lawyer's reference to "acquiescence" and a plaintiff's "duty to investigate" are not factors in the Federal Court analysis of laches (nor are these factors supported by Rocket Lawyer's cited authorities).

## VI.   ISSUES TRIABLE TO A JURY

LegalZoom made a timely jury trial demand together with its First Amended Complaint filed on January 7, 2013 (ECF No. 14) as to all claims and issues so triable.

### A.   Issues Triable to the Jury

1.   Whether any party violated the Lanham Act
2.   Whether any party violated Cal. Bus. & Prof. Code § 17500
3.   Whether any party violated Cal. Bus. & Prof. Code § 17200
4.   Damages

### B.   Issues Triable to the Court

1.   Unclean Hands
2.   Laches, waiver and estoppel
3.   Injunctive relief
4.   Declaratory relief
5.   Attorneys' fees
6.   Statutory damages under the Lanham Act, 15 U.S.C. §1117, including restitution and treble damages.

## VII.   RECOVERY OF ATTORNEYS' FEES

LegalZoom seeks the recovery of its attorneys' fees pursuant to two statutes: California Code of Civil Procedure section 1021.5 ("CCP 1021.5), and 15 U.S.C. section 1117(a) ("Section 1117(a)").

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

1    Under CCP 1021.5, LegalZoom will be entitled to an award of fees if the Court

2   determines that the litigation served to vindicate an important public right, conferred a

3   significant benefit on the general public, and was necessary and imposed a financial

4   burden on LegalZoom that was out of proportion to its individual stake in the

5   litigation.  *RiverWatch v. County of San Diego Dept. of Env'mtl Health* (2009) 175

6   Cal.App.4th 768, 775.

7    Under Section §1117(a), LegalZoom will be entitled to an award of attorneys'

8   fees if it is established that Rocket Lawyer violated 15 U.S.C. section 1125(a), and

9   did so maliciously, fraudulently, deliberately, or willfully.  *Love v. Associated*

10   *Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010).

11    LegalZoom will present evidence of the legal fees and costs incurred by

12   LegalZoom to prosecute this action.  Based on the evidence cited for Claim 1 above,

13   including but not limited to the usability studies which put Rocket Lawyer on notice

14   that consumers were being deceived but which did not dissuade Rocket Lawyer from

15   continuing to post its deceptive advertisements, LegalZoom will demonstrate that

16   Rocket Lawyer acted both deliberately and willfully.  LegalZoom will also present

17   expert testimony from Dr. Larry Chiagouris regarding how search engine marketing

18   and use of the word "free" impacts the public, and why this litigation therefore

19   confers a benefit on the public.

20   **VIII.   PLEADED CLAIMS OR AFFIRMATIVE DEFENSES ABANDONED**

21    **A.   LegalZoom's Claims and Defenses**

22    LegalZoom continues to pursue its false advertising claims based on the

23   Lanham Act and California Business and Professions Code section 17500, and its

24   claim for unfair competition based on California Business and Professions Code

25   section 17200.

26    LegalZoom continues to pursue affirmative defenses for unclean hands and no

27   agency as to Rocket Lawyer's counterclaim, but is abandoning the following

28   affirmative defenses:  (1) failure to state a claim; (2) injunctive relief unavailable; (3)

25

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

laches; (4) statute of limitations; (5) punitive damages unavailable; and (6) lack of standing.

**B.** **Rocket Lawyer's Claims and Defenses**

Rocket Lawyer has not abandoned any of its claims.

Rocket Lawyer has abandoned the following affirmative defenses: (1) failure to state a claim; (2) punitive damages unavailable; and (3) lack of standing.

DATED:  October 28, 2014          GLASER WEIL FINK HOWARD AVCHEN &
                                  SHAPIRO LLP


                                  By: /s/ Fred D. Heather
                                      PATRICIA GLASER
                                      FRED HEATHER
                                      AARON ALLAN
                                      Attorneys for Plaintiff
                                      LEGALZOOM.COM, INC.

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540

## <u>CERTIFICATE OF SERVICE</u>

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On October 28, 2014, I electronically filed the following document(s) using the CM/ECF system.

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on October 29, 2014 at Los Angeles, California.

       <u>  /s/ Fred D. Heather   </u>

        Fred D. Heather

**LEGALZOOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

958540