UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9942 GAF (AGRx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | LegalZoom.com Inc v. Rocket Lawyer Incorporated | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

### ORDER RE: APPLICATION TO FILE UNDER SEAL

The Court is currently in receipt of an application to file under seal, submitted by Plaintiff LegalZoom.com ("LegalZoom"). (Docket No. 164 [LZ Appl.].) By this application, LegalZoom seeks to file under seal unredacted versions of: (1) its Reply Memorandum of Points and Authorities in Support of LegalZoom's Motion for Rule 11 Sanctions; (2) its Reply Memorandum of Points and Authorities in Support of LegalZoom's Motion to Supplement the Factual Record; and (3) Exhibits A-C and E to Fred Heather's Declaration in Support of LegalZoom's Motion to Supplement the Factual Record. (Id. at 2.) LegalZoom urges that good cause exists to seal these documents because they are "subject to the Court's protective order and the sealing of these documents is necessary in order to protect information that Rocket Lawyer has designated as 'confidential' or 'attorneys' eyes only,' including without limitation, the substance of certain depositions which Rocket Lawyer designated to be 'attorneys' eyes only, and other confidential business information and other sensitive business data relating to Rocket Lawyer Incorporated." (Id.)

The Court also has two pending applications submitted by Defendant Rocket Lawyer Incorporated ("Rocket Lawyer"). (Docket No. 167 [RL Appl.]; Docket No. 194 [RL Second Appl.].) In these applications, Rocket Lawyer is seeking to file under seal unredacted versions of: (1) Exhibit 1 to the Declaration of Michael Jones in Support of Rocket Lawyer's Motion to Supplement the Factual Record in Support of its Motion for Summary Judgment (RL Appl. at 2); (2) Exhibits A-C to the Declaration of Michael T. Jones in Support of Rocket Lawyer's Reply in Support of its Ex Parte Application to File a Motion to Supplement the Factual Record (RL Second Appl. at 2); and (3) Rocket Lawyer's Reply in Support of its Ex Parte Application to File a Motion to Supplement the Factual Record (Id.). Rocket Lawyer urges that good cause exists to seal these documents because they are "excerpts from the transcripts of depositions conducted in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9942 GAF (AGRx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | LegalZoom.com Inc v. Rocket Lawyer Incorporated | | |

this case, which are designated 'Highly Confidential - Attorneys' Eyes Only' . . . . [t]he Unredacted Reply draws on these excerpts . . . . these documents are subject to the Court's protective order and their sealing is necessary in order to protect confidential business information and other sensitive business data relating to LegalZoom." (Id.)

While courts customarily allow the parties to establish ground rules for designating material as confidential for discovery purposes, the Court does not cede to them ultimate authority or responsibility over the sealing of documents. Thus, the fact that certain information may fall within the ambit of the parties' protective order is of limited importance to the Court in determining whether or not an application to seal should be granted. The public has a "general right to inspect and copy public records and documents, including judicial records and documents" because it has an interest in "keep[ing] a watchful eye on the workings of public agencies." Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 597–98 (1978). A "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006). "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." (Id.)

In light of the "strong presumption of access to judicial records," a party should not request that an entire document be filed under seal unless the document's entire contents are confidential. See Kamakana, 447 F.3d at 1179. Instead, a party should redact those portions of the document that are confidential. The redacted copy should then be filed on the public docket and an unredacted copy should be provided to the Court.

After a status conference, this Court issued an order granting the Parties' stipulation regarding scheduling and providing for some additional discovery. (Docket No. 190 [11/10/14 Order].) The scheduling order was amended to set the following dates: (1) close of the limited renewed discovery on January 16, 2015; (2) supplementation of the summary judgment record by February 2, 2015; and (3) hearings on the cross-motions for summary judgment on February 23, 2015. (Id. at 1.) Thereby, the Parties' motions to supplement the record in support of the cross-motions for summary judgment were mooted.

Accordingly, the Court **DENIES, in part, as moot** LegalZoom's application to file under seal regarding: (1) its Reply Memorandum of Points and Authorities in Support of LegalZoom's Motion to Supplement the Factual Record; and (2) Exhibits A-C and E to Fred Heather's Declaration. Additionally, the Court **DENIES as moot** both of Rocket Lawyer's Applications to file under seal unredacted versions of: (1) Exhibit 1 to the Declaration of Michael Jones in Support of Rocket Lawyer's Motion to Supplement the Factual Record in Support of its Motion

LINK:164, 167, 194

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9942 GAF (AGRx) | Date | December 8, 2014 |
|---|---|---|---|
| Title | LegalZoom.com Inc v. Rocket Lawyer Incorporated | | |

for Summary Judgment; (2) Exhibits A-C to the Declaration of Michael T. Jones in Support of Rocket Lawyer's Reply in Support of its Ex Parte Application to File a Motion to Supplement the Factual Record; and (3) Rocket Lawyer's Reply in Support of its Ex Parte Application to File a Motion to Supplement the Factual Record.

LegalZoom's Reply Memorandum of Points and Authorities in Support of LegalZoom's Motion for Rule 11 Sanctions appears to contain confidential information. Additionally, this motion was not mooted by the Court's 11/10/14 Order and contains quotations and references to a document previously ordered filed under seal by this Court. (See Docket No. 150 [10/10/14 Order] (granting Rocket Lawyer's application to file under seal Exhibit 1 to the Declaration of Michael Jones in Support of Rocket Lawyer's Opposition to LegalZoom's Motion to Supplement the Record).) Accordingly, the Court **GRANTS in part** LegalZoom's application to file under seal regarding LegalZoom's Reply Memorandum of Points and Authorities in Support of LegalZoom's Motion for Rule 11 Sanctions.

**For those documents that the Court declines to file under seal, the Parties are instructed to contact the Court Clerk to either (1) arrange to pick up those materials they requested be filed or (2) inform the Court that it may destroy the documents.**

**IT IS SO ORDERED**.